PRERAK SHAH
Deputy Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

CLARE BORONOW
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel.: (303) 844-1362
Fax: (303) 844-1350
clare.boronow@usdoj.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN STURGEON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HERBERT FROST, in his official capacity as ) <br> Alaska Regional Director of the National Park ) <br> Service, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | No. 3:11-cv-00183-HRH |

**DEFENDANTS' RESPONSE TO ALASKA'S AMICUS BRIEF IN SUPPORT OF PLAINTIFF'S VERSION OF THE PROPOSED FINAL JUDGMENT**

DEFENDANTS' RESPONSE TO ALASKA'S AMICUS BRIEF
*Sturgeon v. Frost, et al.*, Case No. 3:11-cv-00183-HRH                                       Page 1 of 8
Case 3:11-cv-00183-HRH   Document 164   Filed 03/11/20   Page 1 of 8

Per this Court's Order of February 28, 2020,[1] Defendants hereby respond to the State of Alaska's amicus brief in support of Plaintiff's version of the proposed judgment. For the six reasons below, and as explained in Defendants' brief in support of the proposed judgment,[2] the Court should refuse the State's invitation to reach beyond the four corners of the Supreme Court's opinion and should instead adopt Defendants' version of the proposed judgment.

First, there is no justification for adopting a judgment more expansive than the Supreme Court's opinion based on the State's "concern" about unidentified future infringements by NPS on Alaska's authority.[3] For one, this Court lacks jurisdiction to resolve future hypothetical disputes.[4] But equally important, the State's alleged interests cannot form the basis for a judgment in this case. The Ninth Circuit dismissed the State's claims for lack of standing precisely because "Alaska did not identify any actual conflict between NPS's regulations and its own statutes and regulations."[5] The State's allegations of unidentified harms ring hollow in light of the Ninth Circuit's holding, and its attempt to insert its own interests back into a case in which it is no longer a party should be rejected.

Second, the State mischaracterizes the Supreme Court's statements regarding whether NPS can hold title to an interest in the Nation River under the reserved water rights

---

[1] Docket No. 163.

[2] Docket No. 157.

[3] Docket No. 161 at 2.

[4] *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); U.S. Const. art. III, § 2, cl. 1.

[5] *Sturgeon v. Masica*, 768 F.3d 1066, 1074 (9th Cir. 2014).

DEFENDANTS' RESPONSE TO ALASKA'S AMICUS BRIEF
*Sturgeon v. Frost, et al.*, Case No. 3:11-cv-00183-HRH  Page 2 of 8
Case 3:11-cv-00183-HRH   Document 164   Filed 03/11/20   Page 2 of 8

doctrine as a "key holding" of the Court's decision.[6] In fact, the key holding of the Supreme Court's decision was its resolution of the single issue before it: whether NPS could prohibit Mr. Sturgeon from using his hovercraft on the Nation River within the Yukon-Charley Rivers National Preserve. In reaching that decision, the Court rejected Defendants' argument that NPS could regulate hovercrafts on the Nation River based on its reserved water rights. The Court first said it saw "no evidence" that Congress intended "title" in ANILCA to encompass an interest in reserved water rights.[7] But it went on to say that, "even assuming" reserved water rights could grant the holder "title" to an interest in the river, that interest is "limited" and "could not justify applying the hovercraft rule on the Nation River."[8] Thus, the Supreme Court chose *not* to base its decision on a firm holding that "title" in 16 U.S.C. § 3102(2) of ANILCA can never encompass water rights, and instead identified an alternative reason to reject the United States' argument. Plaintiff and Alaska urge this Court to ignore these nuances in the Supreme Court's opinion, but that would be inappropriate here. This Court should reject Plaintiff's and Alaska's request to distill the Supreme Court's nuanced discussion into a categorical formulation more to their liking.[9]

Alaska also fails to acknowledge that Plaintiff's additional sentence in paragraph 2

---

[6] Docket No. 161 at 2.

[7] *Sturgeon v. Frost*, 139 S. Ct. 1066, 1079 (2019).

[8] *Id.* at 1079-80.

[9] The State cites "correspondence from NPS counsel to Sturgeon counsel" allegedly addressing the Supreme Court's statements on reserved water rights. Docket No. 161 at 2 n.5. However, the State has not attached the correspondence making it impossible for Defendants and the Court to review and address the document.

DEFENDANTS' RESPONSE TO ALASKA'S AMICUS BRIEF
*Sturgeon v. Frost, et al.*, Case No. 3:11-cv-00183-HRH                    Page 3 of 8
Case 3:11-cv-00183-HRH   Document 164   Filed 03/11/20   Page 3 of 8

of the proposed judgment directly contradicts the Supreme Court's opinion by purporting to apply to all circumstances. In fact, the Court took pains to clarify that its opinion was not intended to address every circumstance or to take away every "tool" that NPS may use to "'protect' rivers in Alaskan national parks."[10] For example, the Court noted that NPS may still enter into cooperative agreements with the State.[11] But Plaintiff's sentence would forbid NPS from applying its regulations to navigable waters where the State owns the submerged lands even in a situation in which the State agreed to the exercise of NPS's authority pursuant to a cooperative agreement. Plaintiff's and Alaska's attempt to apply the Supreme Court's opinion to every circumstance ignores the Court's own caveats and may well have unintended consequences for NPS's other authorities within Alaska.

Third, the State supports Plaintiff's reference in the proposed judgment to NPS's "Organic Act authority" whereas Defendants have proposed the term "ordinary regulatory authority." As explained in Defendants' brief in support of the proposed judgment, Defendants used the term "ordinary regulatory authority" because that was the term used by the Supreme Court itself.[12] Even if the phrase "Organic Act authority" were reflective of the Supreme Court's intent, Plaintiff's definition of that term in footnote 14 of the proposed judgment is inaccurate. The Park Service General Authorities Act of 1970 and the Park Service Administration and Improvement Act of 1976 technically were not

---

[10] *Sturgeon*, 139 S. Ct. at 1086; *see also id.* at 1080 n.2 (exempting subsistence fishing from the scope of the Court's opinion).

[11] *Id.* at 1086.

[12] Docket No. 157 at 5.

DEFENDANTS' RESPONSE TO ALASKA'S AMICUS BRIEF
*Sturgeon v. Frost, et al.*, Case No. 3:11-cv-00183-HRH                                    Page 4 of 8
Case 3:11-cv-00183-HRH   Document 164   Filed 03/11/20   Page 4 of 8

amendments to the 1916 National Park Service Organic Act. The 1970 Act was enacted as a separate statute and the 1976 Act, in relevant part, amended the 1970 Act. Both statutes have also been recodified and are now located at 54 U.S.C. § 100101 *et seq*.

Fourth, in support of the permanent injunction sought by Plaintiff against NPS regulations other than the hovercraft rule in paragraph 3 of the proposed judgment, Alaska states that "Nothing in the Court's unanimous decision indicates an intent to limit the decision to proscribing NPS's hovercraft ban on the Nation River."[13] This statement ignores the cardinal mandate of Article III of the Constitution limiting a court's jurisdiction to the "case and controversy" before it. "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."[14] "Article III denies federal courts the power 'to decide questions that cannot affect the rights of litigants in the case before them.'"[15] Mr. Sturgeon has not identified an injury flowing from any regulation other than the hovercraft rule, and the Supreme Court did not purport to review any regulations other than the hovercraft rule. Defendants' proposed version of paragraph 3 recognizes the Supreme Court's broader reasoning without providing specific relief that is beyond this Court's jurisdiction to grant.

Fifth, the State objects to the phrase "except as otherwise provided by law" in Defendants' proposed paragraph 3. But without that caveat, proposed paragraph 3 would,

---

[13] Docket No. 161 at 3.

[14] *Lewis*, 494 U.S. at 477.

[15] *Id.* (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

DEFENDANTS' RESPONSE TO ALASKA'S AMICUS BRIEF
*Sturgeon v. Frost, et al.*, Case No. 3:11-cv-00183-HRH                                                                                      Page 5 of 8
Case 3:11-cv-00183-HRH   Document 164   Filed 03/11/20   Page 5 of 8

on its face, prohibit the application of NPS regulations based on the agency's ordinary regulatory authority to non-public lands in CSUs in *all* circumstances regardless of situations in which Congress expressly granted the agency authority to exercise its authority over non-public lands. As explained in Defendants' brief in support of the proposed judgment, one such situation is Section 906(o) of ANILCA.[16] The State contends that lands covered by Section 906(o) of ANILCA "continue to be managed as public lands until they are conveyed" to a native corporation.[17] But, in fact, ANILCA exempts lands that may be conveyed in the future from its definition of "public lands."[18] Thus, without an exemption in paragraph 3, that paragraph would prohibit NPS from exercising its statutory authority under Section 906(o) to manage lands prior to their conveyance. Plaintiff and Alaska's objection to Defendants' caveat is, again, an attempt to enlarge the Supreme Court's decision beyond the issues directly addressed by the Court.

Sixth and finally, the State contends that paragraph 4 should be limited to cooperative agreements "with the State." But the statute cited by the Supreme Court provides for cooperative agreements "with Federal agencies, with State and local agencies, and with Native Corporations."[19] The State suggests that Defendants' refusal to limit its authority to cooperative agreements "with the State" indicates its "improper assumption of

---

[16] Docket No. 157 at 3-4.

[17] Docket No. 161 at 3-4

[18] 16 U.S.C. § 3102(3)(B) (exempting from "public lands" "land selections of a Native Corporation" that have "not been conveyed to a Native Corporation").

[19] 16 U.S.C. § 3181(j)(1).

DEFENDANTS' RESPONSE TO ALASKA'S AMICUS BRIEF
*Sturgeon v. Frost, et al.*, Case No. 3:11-cv-00183-HRH                                    Page 6 of 8
Case 3:11-cv-00183-HRH   Document 164   Filed 03/11/20   Page 6 of 8

authority over the State's lands and waters."[20] But it is Plaintiff and the State who are improperly trying to curtail the NPS's statutory authority by imposing a limitation not found in the relevant statute.

In sum, Defendants respectfully request that this Court reject Plaintiff's and Alaska's attempts to expand the Supreme Court's opinion beyond the facts and issues before it. The additional relief they seek regarding reserved water rights and NPS regulations other than the hovercraft rule is properly the subject of separate proceedings, whether it be a rulemaking, legislation, or, if necessary, litigation. The Supreme Court's opinion should not be stretched beyond its bounds to accommodate Plaintiff's and Alaska's broader concerns.[21]

Respectfully submitted this 11th day of March, 2020.

                      PRERAK SHAH
                      Deputy Assistant Attorney General
                      Environment & Natural Resources Division
                      U.S. Department of Justice

                      /s/ *Clare Boronow*
                      CLARE BORONOW
                      Trial Attorney, Admitted to the Maryland Bar
                      999 18th Street
                      South Terrace, Suite 370
                      Denver, CO 80202
                      Tel.: (303) 844-1362
                      Fax: (303) 844-1350

---

[20] Docket No. 161 at 4.

[21] As the State recognizes, its desire for a rulemaking by NPS addressing the Supreme Court's opinion is not at issue in this case. Docket No. 161 at 4. In any event, the implication that NPS is delaying such a rulemaking is unsupported and inaccurate. NPS is currently in the process of developing a proposed rule in light of the Supreme Court's opinion.

DEFENDANTS' RESPONSE TO ALASKA'S AMICUS BRIEF
*Sturgeon v. Frost, et al.*, Case No. 3:11-cv-00183-HRH           Page 7 of 8
Case 3:11-cv-00183-HRH    Document 164    Filed 03/11/20    Page 7 of 8

clare.boronow@usdoj.gov

*Counsel for Defendants*

DEFENDANTS' RESPONSE TO ALASKA'S AMICUS BRIEF
*Sturgeon v. Frost, et al.*, Case No. 3:11-cv-00183-HRH  Page 8 of 8
Case 3:11-cv-00183-HRH   Document 164   Filed 03/11/20   Page 8 of 8