IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JOHN STURGEON,   )
                      Plaintiff,   )
  and   )
STATE OF ALASKA,   )
               Plaintiff-Intervenor,   )
          vs.   )
DON STRIKER, in his official capacity as Acting Alaska Regional Director of the Park Service; GREG DUDGEON; ANDEE SEARS; DAVID L. BERNHARDT, in his official capacity as the United States Secretary of the Interior; DAVID VELA, in his official capacity as Acting Director of the National Park Service; THE NATIONAL PARK SERVICE; and THE UNITED STATES DEPARTMENT OF THE INTERIOR,   )
               Defendants.   )    No. 3:11-cv-0183-HRH

## ORDER ON REMAND

### Proceedings

Plaintiff Sturgeon brought this action in 2011, alleging that the National Park Service (NPS) violated the Alaska National Interest Lands Conservation Act (ANILCA) when, based on 36 C.F.R. § 2.17(e), park rangers prohibited him from using his personal hovercraft on the navigable waters of the Nation River flowing over the submerged lands owned by the State of Alaska within the boundaries of the Yukon-Charley Rivers National Preserve

(Yukon-Charley).[1] Sturgeon alleged that, properly interpreted, Section 103(c) of ANILCA, 16 U.S.C. § 3103(c), precluded the NPS from enforcing its national regulations on non-public lands (including navigable waters where the State of Alaska owned the submerged lands) within federal Conservation System Units (CSUs) created or expanded by ANILCA.

The State of Alaska was allowed to intervene in this case as a plaintiff.[2] In its complaint in intervention, the State challenged 36 C.F.R. §§ 1.2(a)(3) and 13.2, NPS regulations which asserted jurisdiction over state-owned navigable waters within the National Park System.[3]

Sturgeon and the State of Alaska moved for summary judgment invalidating the 1996 revisions to 36 C.F.R. § 1.2 and 36 C.F.R. § 13.2 to the extent they purport to extend NPS regulatory jurisdiction over state-owned navigable waters in Alaska.[4] This court denied the summary judgment motions, "conclud[ing] that 36 C.F.R. § 1.2(a) and §[] 2.17(e) . . . were properly applied to the respective operations of Sturgeon and the State."[5] The court entered judgment dismissing Sturgeon's complaint and the State's second amended complaint.[6] On appeal, the Ninth Circuit Court of Appeals affirmed as to Sturgeon, holding that the "NPS's hovercraft ban is not a regulation that applies solely to public lands within CSUs in Alaska." Sturgeon v. Masica, 768 F.3d 1066, 1081 (9th Cir. 2014). As for the State, the court of appeals held that the State had "failed to establish standing to challenge the NPS regulations"

---

[1]Docket No. 1.

[2]Docket No. 32.

[3]Docket No. 33 at 1-2, ¶ 1.

[4]Docket Nos. 77 and 81.

[5]Docket No. 108 at 21.

[6]Docket No. 109.

ORDER ON REMAND - 2 -

and "remand[ed] with instructions that Alaska's case be dismissed for lack of jurisdiction." Id. at 1075. A writ of certiorari to the United States Supreme Court was sought by Sturgeon and granted by the Supreme Court. Sturgeon v. Masica, 136 S. Ct. 27 (Mem) (2015). The Supreme Court "reject[ed] the interpretation of Section 103(c) adopted by the Ninth Circuit" and "remanded" the case to the Ninth Circuit Court of Appeals. Sturgeon v. Frost, 136 S. Ct. 1061, 1070, 1072 (2016). On remand, the Ninth Circuit was "to decide whether the Nation River qualifies as public land for purposes of ANILCA[.]" Sturgeon v. Frost, 139 S. Ct. 1066, 1078 (2019) (citations omitted). The court of appeals ruled that the Nation River is "public land." Sturgeon v. Frost, 872 F.3d 927, 936 (9th Cir. 2017). Sturgeon sought and the Supreme Court again granted certiorari. Sturgeon v. Frost, 138 S. Ct. 2648 (Mem) (2018). The Supreme Court unanimously reversed the court of appeals' 2017 decision, holding that "the Park Service may not prevent John Sturgeon from driving his hovercraft on the Nation River." Sturgeon, 139 S. Ct. at 1085. The Supreme Court remanded the case to the Ninth Circuit Court of Appeals "for further proceedings consistent with this opinion." Id. at 1087. In due course, the Ninth Circuit Court of Appeals vacated its judgment and reversed this court's judgment. Sturgeon v. Frost, 941 F.3d 953, 954 (9th Cir. 2019). The case was remanded to this court "with directions to enter judgment in favor of Sturgeon consistent with the Supreme Court's opinion." Id.

By order of January 2, 2020,[7] this court vacated its October 30, 2013, decision[8] and judgment of October 31, 2013,[9] and called upon the parties to confer and submit a proposed

---

[7]Docket No. 148.

[8]Docket No. 108.

[9]Docket No. 109. In the process of effecting the dismissal of the State of Alaska's second amended complaint, this court entered an amended judgment on February 3, 2015,
(continued...)

judgment. In due course, the court received Sturgeon's and defendants' proposed judgment and briefs in support thereof.[10] By order of February 28, 2020,[11] the court granted a motion by the State of Alaska for leave to file an <u>amicus</u> brief in support of the parties' proposed judgment.[12] In so doing, the court granted Sturgeon and defendants leave to submit responses to the State's <u>amicus</u> brief. Defendants have responded.[13]

The court thanks counsel for their efforts. However, the court is unpersuaded by the parties' briefing and proposed judgment, which would require the court to go beyond the four corners of the directions of the Supreme Court and the Ninth Circuit Court of Appeals regarding implementing the Supreme Court's decision.

Sturgeon and the State of Alaska would have the court embark upon a discussion of reserved water rights. Discussion of reserved water rights issues is not necessary to the disposition of Sturgeon's complaint as directed by the court of appeals. All of us can read what the Supreme Court has said about reserved water rights, and there is no need for this court to repeat or attempt to interpret what the Supreme Court has said on that subject in order to implement the Supreme Court's decision.

Both Sturgeon's and defendants' proposed final judgment, paragraph 3, invites the court (with variations) to speak generally to the potential application of NPS regulations to

---

[9](...continued)
Docket No. 127, which repeated the dismissal of Sturgeon's complaint. The court's amended judgment is vacated, but only with respect to the dismissal of Sturgeon's complaint.

[10]Docket Nos. 157, 158, and 159.

[11]Docket No. 163.

[12]Docket No. 161.

[13]Docket No. 164.

ORDER ON REMAND - 4 -

lands and waters that are not "public lands" under ANILCA.[14] In order to resolve the dispute between Sturgeon and the defendants concerning the operation of hovercraft on the Nation River within Yukon-Charley, the court must necessarily address the question of the enforcement of 36 C.F.R. § 2.17(e). Expanding a judgment in this case beyond the application of the hovercraft regulation to the Nation River within Yukon-Charley risks unintended and unforeseen consequences.[15] Such risks are avoided by the entry of a final judgment no greater in breadth than what is necessary to decide the primary issue raised by Sturgeon's complaint.

Discussion

In his complaint, Sturgeon seeks a declaration that application of 36 C.F.R. § 2.17(e) to the Nation River within Yukon-Charley violated ANILCA Section 103(c), 16 U.S.C. § 3103(c). It is undisputed that the Nation River within Yukon-Charley boundaries is navigable and that the riverbed is owned by the State of Alaska. The Supreme Court has rejected this court's and the Ninth Circuit Court of Appeals' conclusion that the Nation River within Yukon-Charley is public land for purposes of ANILCA Section 103(c). Rather, the Supreme Court has in substance held that the Nation River within Yukon-Charley is not public land as that term is defined by ANILCA Section 102, 16 U.S.C. § 3102. Sturgeon, 139 S. Ct. at 1079-80. The Nation River within Yukon-Charley is not public land because Section 103(c) expressly provides that lands (including water) owned by the State of Alaska are not "subject to the regulations applicable solely to public lands within" a conservation system unit. 16 U.S.C. § 3103(a).

---

[14]Docket No. 158 at 6-7.

[15]The court would note that on April 30, 2020, the NPS published a proposed rule that "would modify NPS regulations at 36 CFR parts 1 and 13 to conform with the U.S. Supreme Court's decision in Sturgeon." 85 Fed. Reg. 23935, 23936.

NPS regulations such as 36 C.F.R. § 2.17(e) were adopted pursuant to NPS statutory authority to prescribe regulations "necessary or proper for the use and management of System units." 54 U.S.C. § 100751. Yukon-Charley is a Conservation System Unit, a CSU, created by ANILCA, 16 U.S.C. § 410hh(10), but non-public lands such as the Nation River, although within a CSU are "deemed [not] to be included as a portion of such unit." 16 U.S.C. § 3103(c). The Nation River within Yukon-Charley is therefore not subject to 36 C.F.R. § 2.17(e). That regulation does not apply and may not be enforced so as to preclude the use of hovercraft on navigable waters within the boundaries of Yukon-Charley (e.g., the Nation River).

This case is now concluded as to all parties and all claims. The clerk of court shall enter judgment in favor of Sturgeon and against defendants as follows.

The court declares that, as a matter of law, and by reason of 16 U.S.C. § 3103(c), the Nation River within Yukon-Charley Rivers National Preserve is not "public land" as that term is defined by 16 U.S.C. § 3102. Because the Nation River within the boundaries of Yukon-Charley is not public land, 36 C.F.R. § 2.17(e) may not be applied or enforced as to such non-public land, and plaintiff Sturgeon may lawfully operate his hovercraft on the Nation River through Yukon-Charley.

Defendants, their successors in office, agents and employees, including park rangers, are permanently enjoined from enforcing the 36 C.F.R. § 2.17(e) prohibition on the use or operation of hovercraft on the Nation River within the boundaries of Yukon-Charley Rivers National Preserve.

DATED at Anchorage, Alaska, this 12th day of May, 2020.

/s/ H. Russel Holland
United States District Judge